## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| DIANE WALTON and AMANDA PALISENO, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>HILL'S PET NUTRITION, INC.,<br><br>　　　　　　Defendant. | Case No.<br><br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Diane Walton and Amanda Palesino ("Plaintiffs") bring this action, on behalf of themselves and all others similarly situated, against Hill's Pet Nutrition, Inc. ("Hill's" or "Defendant") and allege as follows:

### FACTUAL ALLEGATIONS

1.　　　Defendant sells pet food for dogs and has worked to build a premium brand specifically targeted at ingredient-conscious pet owners.

2.　　　Founded in 1939, Defendant claims to "make nutrition a cornerstone of veterinary medicine." Defendant sells its products through veterinary clinics (including those with on-line stores) and in leading national pet specialty chains, including PetSmart and Petco as well as online through vendors such as Amazon.

3.　　　Veterinarians usually prescribe the Science Diet and Prescription Diet product lines to address nutritional deficiencies and health issues. Therefore, the premium ingredients present in these pet foods are an important characteristic to consumers, including the Plaintiffs

and Class Members.

4.      At issue in this action are certain sizes and varieties of two pet food product lines:   "Science Diet" and "Prescription Diet" (collectively "Hill's Products").[1]

### Hill's Misrepresentations

5.      In its advertising, marketing material and packaging, Defendant represents that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[2]

---

[1] The products that are part of the Hill's Pet Nutrition dog food recall include the following canned dog food products (Plaintiffs reserve the right to amend this list of affected products covered by this litigation as necessary):

•Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5 oz.
•Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz.
•Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5 oz.
•Hill's Prescription Diet z/d Canine 5.5 oz.
•Hill's Prescription Diet g/d Canine 13 oz.
•Hill's Prescription Diet i/d Canine 13 oz.
•Hill's Prescription Diet j/d Canine 13 oz.
•Hill's Prescription Diet k/d Canine 13 oz.
•Hill's Prescription Diet w/d Canine 13 oz.
•Hill's Prescription Diet z/d Canine 13 oz.
•Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5 oz.
•Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5 oz.
•Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew 12.5 oz.
•Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew 12.5 oz.
•Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8 oz.
•Hill's Science Diet Puppy Chicken & Barley Entrée 13 oz.
•Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz.
•Hill's Science Diet Adult Turkey & Barley Dog Food 13 oz.
•Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13 oz.
•Hill's Science Diet Adult Light with Liver Dog Food 13 oz.
•Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz.
•Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz.
•Hill's Science Diet Adult 7+ Turkey & Barley Entrée 13 oz.
•Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew Dog Food 12.5 oz.
•Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food 12.5 oz.
https://www.hillspet.com/productlist?gclid=CjwKCAiA767jBRBqEiwAGdAOr98jryZUcUF6QfRg_53X Y__88eysTT6230JZpMAHvfUDhMi2G6akNRoCk6AQAvD_BwE&gclsrc=aw.ds (last accessed on February 19, 2019).

[2] https://www.hillspet.com/dog-food (last accessed on February 19, 2019).

6.      In order to better sell its Products, and to entice veterinarians to prescribe them, Defendant markets the Products as formulated and intended for dogs with specific needs or illnesses, such as: age-specific dietary needs, breed-specific dietary needs, digestive issues, heart issues, liver issues, or kidney issues.

7.      Defendant proudly declares that "We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.  Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[3]

8.      Defendant goes on to state that "We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves. We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions."[4]

9.      Further, Defendant declares that "We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food.  Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag."[5]

10.     Defendant clearly states that its products contain the "precise balance" of nutrients needed for a healthy dog: "Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't."[6]

11.     The packaging for the Products include claims that the Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term,"

---

[3] https://www.hillspet.com/about-us/quality-and-safety (last accessed on February 19, 2019).
[4] *Id.*
[5] *Id.*
[6] https://www.hillspet.com/about-us/nutritional-philosophy (last accessed on February 19, 2019).

"[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs."

12.     As demonstrated by the recall discussed below and the thousands of sickened and dead dogs who consumed Hill's Products, Defendant's representations about quality, ingredient supply, and product manufacturing and oversight are false.

### The Recall

13.     On January 31, 2019, Defendant announced an initial recall of canned Prescription Diet and Science Diet products. Hill's issued a press release detailing the risk of excessive vitamin D consumption and identifying certain affected products.

14.     On February 7, 2019, Defendant announced an expansion of the recall to include additional SKU and lot numbers of canned Prescription Diet and Science diet products.

15.     Hill's claims the excessive vitamin D is "due to a supplier error."[7]

### The Price Premium

16.     Defendant charges a premium price for its Products.  As demonstrated by the below examples,  the Hill's Products command a substantial  premium over other dog food products:[8]

---

[7] https://www.fda.gov/Safety/Recalls/ucm630232.htm (last accessed on February 19, 2019).
[8] Pricing information obtained from: https://www.chewy.com, accessed on 02/15/2019.

| Brand | Quantity | Price | Unit Price |
|-------|----------|-------|------------|
| Hill's Pres. Diet i/d Canine Chicken & Vegetable Stew 12.5 oz. | 12 cans | $39.99 | $3.33 per can $0.27 per ounce |
| Hill's Pres. Diet w/d Canine Vegetable & Chicken Stew 12.5 oz. | 12 cans | $38.99 | $3.25 per can $0.26 per ounce |
| Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Purina ONE SmartBlend Classic Ground Beef and Brown Rice Adult 13 oz. | 12 cans | $12.67 | $1.06 per can $0.08 per ounce |
| Iams ProActive Health Adult Chicken and Whole Grain Rice Pate 13 oz. | 12 cans | $16.80 | $1.40 per can $0.11 per ounce |
| Nature's Recipe Easy-to-Digest Chicken, Rice & Barley Recipe Cuts in Gravy Stew 13.2 oz. | 12 cans | $13.99 | $1.17 per can $0.09 per ounce |
| Purina Dog Chow High Protein Chicken Classic Ground Canned Dog Food 13 oz. | 12 cans | $12.60 | $1.05 per can $0.08 per ounce |

17.     The presence of toxic levels of vitamin D in the Products leading to a high probability of endangering the health of the dogs and ultimately resulting in many sick and dead dogs indicates that the Hill's Products' value to the consumers is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them

18.     As a result of Defendant's misrepresentations, deceptive conduct and unfair practices, Plaintiffs and class members suffered actual damages and economic losses because they overpaid for the Hill's Products not knowing that the Hill's Products had an adverse effect on their pets' health.

19.     Consumers are willing to pay a premium for Defendant's Products because these foods are represented to be specifically formulated for the particular health needs of dogs and to meet certain ingredient supply, quality, and manufacturing standards. In its advertising, marketing material and packaging, Defendant represents, among other things, that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[9]

20.     Instead, consumers paid a premium for a product that sickened or killed thousands of dogs.  And, all Class Members despite having paid a premium price for supposedly healthy dog food marketed to be specifically formulated to address certain health concerns and to meet certain ingredient supply, quality, and manufacturing standards, did not receive what they paid for.  Pet owners purchased the Hill's Products and paid the pricing premium because of the positive benefits to their dog's health, as claimed by Defendant.  Instead of receiving this positive health benefits, these consumers were subject to expensive veterinary bills and related costs as they tried to address the illnesses caused by the excessive vitamin D levels in the Hill's Products.

21.     As a result of Defendant's deceptive conduct and/or unfair practices, Plaintiffs and Class Members suffered actual damages and/or economic losses.

**_Additional Advertising and Marketing Misrepresentations_**

22.     As described above and below, Defendant has engaged in an extensive,

---

[9] https://www.hillspet.com/dog-food (last accessed on February 19, 2019).

nationwide, uniform marketing and advertising campaign replete with misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

23.     Describing the quality of Hill's Products, Defendant's website[10] states a "commitment to quality" with more than 220 veterinarians, food scientists, technicians and Ph.D. nutritionists developing all of Hill's pet foods. Defendant also states that ingredients are accepted only from suppliers whose facilities meet stringent quality standards and who are approved by Defendant. Each ingredient is supposedly examined to ensure its safety.[11]

24.     Another component to Defendant's deceptive marketing and advertising campaign for its Prescription Diet product line is its alliance with veterinarians[12] which emphasizes a "unique position to find a solution" to dietary and health issues that dogs may face.

25.     Additionally, Defendant claims that its Science Diet product line would feed "your dog's best life" with biology based nutrition.[13]

### *Defendant's Misrepresentations and Omissions are Material to Consumers*

26.     Although pet foods vary in the quality of ingredients, formula, manufacturing processes and inspection quality, and nutritional value, premium or ultra-premium pet foods, like Hill's Products, typically have higher standards with respect to each of these important variables.

27.     Hill's Pet Nutrition Prescription Diet and Science Diet product lines are typically sold through a veterinarian's office and provide tailored nutritional care to help with conditions including obesity, digestive problems, skin sensitivities, kidney problems, aging joints, diabetes, liver problems, heart health, and more.

---

[10] https://www.hillspet.com/about-us/quality-and-safety (Last visited on February 12, 2019).
[11] *Id.*
[12] https://www.hillspet.com/prescription-diet/dog-food (Last visited on February 12, 2019).
[13] https://www.hillspet.com/science-diet/dog-food (Last visited on February 12, 2019)/

28.     Hill's Products emphasize nutritional value for the dogs consuming them.  Pet owners generally buy them to address a health issue or nutritional deficiency that their dog may be experiencing – and pay a premium price to do so.

29.     Accordingly, Defendant's ultra-premium pet foods are higher priced with larger mark-ups.

## PARTIES

30.     Plaintiff Dianne Walton is a citizen of Mississippi and resides in Water Valley, Mississippi.  At various times within the Relevant Time Period (defined below), Plaintiff Walton purchased the following Hill's Products: Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew; Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew; Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew; Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food; Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food; Hill's Science Diet Adult 7+ Turkey & Barley Entrée; Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew Dog Food; and Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food.

31.     Plaintiff Amanda Paliseno is a citizen of New York and resides in Brooklyn, New York.  At various times within the Relevant Time Period (defined below), Plaintiff Paliseno purchased Defendant's following products: Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew; Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew; Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew; Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food; Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food; Hill's Science Diet Adult 7+ Turkey & Barley Entrée; Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas

Stew Dog Food; and Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food.

32.     Defendant Hill's Pet Nutrition is a Kansas corporation with its corporate headquarters located at 400 South West 8th Street, Topeka, Kansas 66603.  Defendant markets, advertises, distributes and sells various pet food products nationwide, including the Hill's Products covered by this action.

## JURISDICTION AND VENUE

33.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

34.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is headquartered and does business throughout this District.

## CLASS ACTION ALLEGATIONS

35.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons pursuant to Fed. R. Civ. P. 23.

### *The Classes and Subclasses Defined*

36.     Plaintiffs seek to represent a nationwide class defined as all persons in the United States who purchased Hill's Products during the Relevant Time Period. "Relevant Time Period" means the time period beginning with the earliest date that the Hill's Products contained abnormally high levels of vitamin D.

37.     Plaintiff Walton seeks to represent a Mississippi Subclass defined as all persons

who are Mississippi residents who purchased Hill's Products during the Relevant Time Period.

38.     Plaintiffs Paliseno seeks to represent a New York Subclass defined as all persons who are New York residents who purchased Hill's Products during the Relevant Time Period.

39.     Excluded from the Class and Subclasses are Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale; the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and Class Counsel.

### *The Classes and Subclasses Satisfy the Rule 23 Requirements*

40.     Members of the Class and Subclasses are so numerous that joinder of all members is impracticable.  While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiffs believe the members of the Class exceed thousands of persons, if not hundreds of thousands.

41.     Common questions of law and fact exist as to all members of the Class and Subclasses and predominate over any questions solely affecting individual members of the Class and Subclass. Among questions of law and fact common to the Class and Subclasses are:

a.   Whether Hill's Products contain excessive levels of vitamin D;

b.   Whether Hill's Products contain excessive vitamin D at levels high enough to injure and kill dogs;

c.   Whether Defendant's labeling, advertising, and marketing is false;

d.   Whether Defendant's labeling, advertising, and marketing is misleading;

e.   Whether Defendant's labeling, advertising, and marketing is deceptive;

    f.    Whether Defendant breached warranties by making the representations above;

    g.    Whether Defendant was unjustly enriched by making the representations and

    omissions above;

    h.    Whether Defendant's actions as described above violated the Magnuson-Moss

    Warranty Act, 15 U.S.C. § 2301, et seq.;

    i.    Whether the Hill's Products' value to Class Members is diminished, and

    consequently, the Products are worth substantially less than the premium prices

    paid for them because of the toxic level of vitamin D; and

    j.    Whether Defendant's actions as described above violated various state consumer

    protection statutes.

42.    Plaintiffs' claims are typical of the claims of Class and the Subclasses because Plaintiffs and each member of the Class purchased Hill's Products, and suffered damages and a loss of money as a result of that purchase.

43.    Plaintiffs are adequate representatives of the Class and the Subclasses because their interests do not conflict with the interests of the Class and Subclass members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the Class and the Subclass members will be fairly and adequately protected by Plaintiffs and their counsel.

44.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class and Subclasses may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class and Subclasses to individually redress the wrongs done to them. There will be no

difficulty in the management of this class action.

45.     Certification pursuant to Fed. R. Civ. 23(b)(1) is appropriate because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would  substantially impair or impede their ability to protect their interests.

46.     Certification pursuant to Fed. R. Civ. 23(b)(2) is appropriate because Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## COUNT I

### VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. § 2301, *et seq.*)

47.     Plaintiffs and Class members repeat and reallege and incorporate by reference each allegation set forth above and further alleges as follows.

48.     Plaintiffs bring this Count I individually and on behalf of the members of the Class against Defendant.

49.     Hill's Products are consumer products as defined in 15 U.S.C. § 2301(1).

50.     Plaintiffs Walton and Palesino and Class members are consumers as defined in 15 U.S.C. § 2301(3).

51.     Plaintiffs Walton and Palesino purchased Hill's Products costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

52.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

53.     In connection with the sale of Hill's Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products, among other things, "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Additional written warranties as defined in 15 U.S.C. § 2301(6) issued by Defendant in connection with the sale of the Hill's Products were that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

54.     Defendant breached these written warranties because the Hill's Products contained excessive and toxic levels of vitamin D harmful to pet health.

55.     By reason of Defendant's breach of the written warranties, Defendant violated the statutory rights due Plaintiffs Walton and Palesino and Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs Walton and Palesino and Class Members.

56.     Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs gave Defendant notice thereof.

## COUNT II

## BREACH OF EXPRESS WARRANTY

57.     Plaintiffs repeat and reallege each and every allegation above, as if set forth in

full herein.

58.     Defendant sold, and Plaintiffs and members of the Class purchased Hill's

Products.

59.     Defendant represented in its marketing, advertising, and promotion of Hill's

Products that those products "[s]upport[ ] a healthy immune system," "improve and lengthen

quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport

your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs

of puppies and adult dogs."  Defendant also represented that "We only accept ingredients from

suppliers whose facilities meet stringent quality standards," and that "each ingredient [is]

examined to ensure its safety."

60.     The Hill's Products did not conform to Defendant's representations and

warranties in that they contained excessive and toxic levels of vitamin D harmful to pet health.

61.     Within a reasonable time after Plaintiffs knew or should have known of such

failure to conform, Plaintiffs gave Defendant notice thereof.

62.     As a direct and proximate result of Defendant's breaches of its express warranty

and failure of the Hill's Products to conform, Plaintiffs and members of the Class have been

damaged in that they did not receive the product as specifically warranted and/or paid a

premium for the product and incurred veterinary expenses to treat their ill pets.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63.     Plaintiffs repeat and reallege each and every allegation above, as if set forth in

full herein.

64.     Defendant sold and Plaintiffs and members of the Class purchased Hill's

Products.

65.     When sold by Defendant, the Hill's Products were not merchantable, did

not pass without objection in the trade under the label description, were not of fair average

quality within that description, were not fit for the ordinary purposes for which such goods are

used, and did not conform to the promises or affirmations of fact made on the container or label

because of the excessive and toxic levels of vitamin D.

66.     Within a reasonable time after Plaintiffs knew or should have known that the

product was not fit for such purpose and/or was not otherwise merchantable as set forth above,

Plaintiffs gave Defendant notice thereof.

67.     As a direct result of the Hill's Products being unfit for such purpose and/or

otherwise not merchantable, Plaintiffs and the members of the Class were damaged in that they

did not receive the product as warranted and/or paid a premium for the product and incurred

veterinary expenses to treat their ill pets.

## COUNT IV

## UNJUST ENRICHMENT

68.     Plaintiffs repeat the allegations of the foregoing paragraphs, as if fully set

forth herein.

69.     Plaintiffs conferred benefits on Defendant by purchasing Hill's Products at a

premium price.

70.     Defendant has knowledge of such benefits.

71.     Defendant has been unjustly enriched in retaining the revenues derived from

Plaintiffs and Class members' purchases of Hill's Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented,  among other things, that its Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contains "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety" when, in fact, the Hill's Products contained excessive levels of vitamin D harmful to pet health, which caused injuries to Plaintiffs and members of the Class because they would not have purchased (or paid a price premium) for Hill's Products had the true facts been known.

72.      Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class Members for its unjust enrichment, as ordered by the Court.

**COUNT V**

**VIOLATION OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT ("GBL")**
**(New York Gen. Bus. Law § 349)**

73.      Plaintiff  Palesino and the New York  Subclass members hereby reallege and incorporate by reference each allegation set forth above as if fully set forth herein and further allege as follows:

74.      Plaintiff Palesino asserts this Count V on behalf of herself and the New York Subclass.

75.      By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that Hill's Products "[s]upport[ ] a healthy immune

system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contain "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

76.     These misrepresentations constitutes the use by Defendant of unconscionable commercial practices, deception, and misrepresentation and, thus constitutes multiple, separate violations of Section 349 of the New York General Business Law.

77.     In marketing, advertising, and promoting Hill's Products to consumers, including Plaintiff Palesino and members of the New York Subclass, Defendant made the material misrepresentations and omissions set forth in this Complaint throughout the United States, including the State of New York.

78.     The foregoing deceptive acts and practices were directed at consumers in New York.

79.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, benefits, quality, and nature of Hill's Products to induce consumers to purchase same, and/or to pay a premium for same.

80.     Defendant's unconscionable commercial practices, false promises, misrepresentations, and omissions set forth in this Complaint are material in that they relate to matters which reasonable persons, including Plaintiff Palesino and members of the New York Subclass, would attach importance to in their purchasing decisions or conduct regarding the purchase of Hill's Products

81.     Plaintiffs and members of the New York Subclass were injured because: (a) they

would not have purchased Hill's Products, or would not have purchased Hill's

Products on the same terms, had they known that the products in fact contained excessive

vitamin D; (b) they paid a price premium for Hill's Products based on Defendant's false and

misleading statements; and (c) Hill's Products did not have the characteristics and benefits

promised because they contained excessive vitamin D. As a result, Plaintiff Palesino and the

New York Subclass have been damaged in an amount to be proven at trial, but not less than

either the purchase price of the Hill's Products or the difference in value between Hill's Products

as advertised and Hill's Products as actually sold.

82.     On behalf of herself and other members of the New York Subclass, Plaintiff seeks

to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty

dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and

expenses.

## COUNT VI

### FALSE ADVERTISING
### (New York Gen. Bus. Law § 350)

83.     Plaintiffs repeat the allegations above as if fully set forth herein.

84.     Plaintiff Palesino brings this Count VI individually and on behalf of the members

of the New York Subclass against Defendant.

85.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct

that is deceptive or misleading in a material way and which constitutes false advertising in

violation of Section 350 of the New York General Business Law.

86.     Defendant's false, misleading and deceptive statements and representations of

fact that were and are directed to consumers.

87.     Defendant's false, misleading and deceptive statements and representations of

fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

88.     Defendant's false, misleading and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest.

89.     Plaintiff Palesino and members of the New York Subclass have been injured because: (a) they would not have purchased Hill's Products had they known that the products in fact contained excessive levels of vitamin D; (b) they paid a price premium for Hill's Products based on Defendant's false and misleading statements; and (c) the Hill's Products did not have the characteristics and benefits promised because they contained excessive vitamin D.

90.     As a result, Plaintiff Palesino and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Hill's Products or the difference in value between Hill's Products as advertised and Hill's Products as actually sold.

91.     As a result of Defendant's false, misleading and deceptive statements and representations of fact Plaintiff Palesino has suffered economic injury.

92.     Plaintiff Palesino and members of the New York Subclass suffered an ascertainable loss caused by Defendant's misrepresentations because they paid more for Hill's Products than they would have had they known the truth about the Hill's Product.

93.     On behalf of herself and other members of the New York Subclass, Plaintiff Palesino seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and expenses.

**COUNT VII**

**MISSISSIPPI CONSUMER PROTECTION ACT,**
**(Miss. Code §§ 75-24-1, et seq.)**

94.     Plaintiffs repeat the allegations above as if fully set forth herein.

95.      Plaintiff Walton brings this Count VII individually and on behalf of the members of the Mississippi Subclass against Defendant.

96.     Plaintiff Walton individually and on behalf of the Mississippi Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

97.     Defendant is a "person," as defined by Miss. Code § 75-24-3.

98.     Defendant advertised, offered, or sold goods or services in Mississippi and engaged in trade or commerce directly or indirectly affecting the people of Mississippi, as defined by Miss. Code § 75-24-3.

99.     Defendant's false, misleading and deceptive statements and representations of fact that were and are directed to consumers.

100.     Defendant's false, misleading and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

101.     Defendant's false, misleading and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest.

102.     Plaintiff Walton and members of the Mississippi Subclass have been injured because: (a) they would not have purchased Hill's Products had they known that the products in fact contained excessive levels of vitamin D; (b) they paid a price premium for Hill's Products based on Defendant's false and misleading statements; and (c) the Hill's Products did not have the characteristics and benefits promised because they contained excessive vitamin D.

103.    As a result of Defendant's false, misleading and deceptive statements and representations of fact Plaintiff Walton has suffered economic injury.

104.    Plaintiff Walton and members of the Mississippi Subclass suffered an ascertainable loss caused by Defendant's misrepresentations because they paid more for Hill's Products than they would have had they known the truth about the product.

105.    On behalf of herself and other members of the Mississippi Subclass, Plaintiff Palesino seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and expenses.

106.    The above-described conduct violated Miss. Code Ann. § 75-24-5(2), including:

a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have;

b.    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

c.    Advertising goods or services with intent not to sell them as advertised.

107.    Defendant intended to mislead Plaintiffs and Mississippi Subclass members and induce them to rely on its misrepresentations and omissions.

108.    As a result, Plaintiff Walton and the Mississippi Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Hill's Products or the difference in value between Hill's Products as advertised and Hill's Products as actually sold.

109.    Plaintiffs and Mississippi Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages, restitution and other relief under

Miss. Code § 75-24-11, injunctive relief, punitive damages, and reasonable attorneys' fees and costs.

## RELIEF DEMANDED

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek a judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

## <u>DESIGNATION OF PLACE OF TRIAL</u>

Pursuant to Local Rule 40.2, the trial of this matter should be held in Kansas City, Kansas.

Dated: February 22, 2019   Respectfully submitted,


<u>/s/Isaac Diel</u>
Isaac Diel KS# 14376
**Sharp McQueen PA**
Financial Plaza
6900 College Boulevard Suite 285
Overland Park, Kansas 66211
Tel: (913) 661-9931
Fax: (913) 6619935
idiel@sharpmcqueen.com

Gary E. Mason (pro hac to be filed)
Danielle L. Perry (pro hac to be filed)
**WHITFIELD BRYSON & MASON, LLP**
5101 Wisconsin Avenue NW, Ste. 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294
gmason@wbmllp.com
dperry@wbmllp.com

Attorneys for the Plaintiffs and Class

## **CERTIFICATE OF**
## **SERVICE**

I hereby certify that I served this Complaint by Certified Mail on Hills Pet Nutrition Inc. at it's corporate headquarters located at 400 SW 8th St. Topeka, Kansas 66603 on February 22, 2019.

/s/Isaac Diel